Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7969 | **DATE** | 9/6/2001 |
| **CASE TITLE** | U.S.A. ex rel Earl Wilson vs. John C. Battles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny [7-1] respondent's motion to dismiss. We order respondent to answer the petition on or before 10/2/2001.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 10 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 19 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 01 SEP -7 PM 1:44 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
EARL WILSON, )
)
Petitioner, )
) No. 00 C 7969
v. )
) Judge Wayne R. Andersen
JOHN C. BATTLES, )
)
Respondent. )

DOCKETED
SEP 1 0 2001

## MEMORANDUM OPINION AND ORDER

Petitioner, Earl Wilson, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244. Respondent, John C. Battles, Warden of the Illinois River Correctional Center, has moved to dismiss this petition as untimely. For the reasons stated below, we deny this motion.

## BACKGROUND

The procedural history of this case which is relevant to this motion is as follows. Following a jury trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of two counts of first degree murder and sentenced to natural life imprisonment. On April 16, 1990, the Illinois Appellate Court, First District, affirmed petitioner's conviction and sentence. Petitioner next filed a petition for leave to appeal that order which the Illinois Supreme Court denied on October 3, 1990. On October 11, 1991, petitioner filed a petition for relief pursuant to the Illinois Post-Conviction Act, which he supplemented on September 17, 1996. The trial court dismissed both of these petitions on February 4, 1997. The Illinois Appellate Court affirmed the dismissal of petitioner's

post-conviction petition on August 11, 1999. The Illinois Supreme Court denied leave to appeal on December 1, 1999.

Petitioner filed his petition for a writ of habeas corpus before this court on December 20, 2000. Respondent contends that this filing is nineteen days past the one-year statute of limitations provided for in 28 U.S.C. § 2244(d). Petitioner argues that the statute of limitations had not expired because the twenty-one day period during which petitioner could have (but did not) file a motion for rehearing of the Supreme Court's denial of post-conviction relief tolled the statute of limitations. In the alternative, petitioner argues that the statute of limitations should be equitably tolled because of his attorney's error in computation and negligence. It is on this basis that we deny respondent's motion.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, provides for a one year period of limitation to a federal application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The pertinent portion of the statute computes the time from the date on which the judgment became final by conclusion of direct review, or the expiration of the time for seeking such review, until the time the petition is filed. However, the statute also states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period if limitation under this subsection." 28 U.S.C. § 2244(d).

Petitioner's direct appeal was concluded before the effective date of the AEDPA, but the Seventh Circuit has held that the statute of limitations for a § 2244 petition cannot begin to run before the effective date of the AEDPA. Gendron v. United States, 154 F.3d 672 (7th Cir. 1998),

cert. denied, 526 U.S. 1113 (1999). Petitioner's state post-conviction petition was pending before April 24, 1996, and was concluded after the one year grace period had elapsed. Computing the time period between the Illinois Supreme Court's last ruling (December 1, 2000) and the date the petition was filed (December 20, 2001), respondent takes the position that the petition filed before this court was filed one year and nineteen days after the Illinois Supreme Court's judgment became final and, therefore, it is nineteen days too late. Respondent argues that the date to begin counting the year should begin not on the date that the Illinois Supreme Court issued its judgment, but twenty-one days later because petitioner could have requested a rehearing from the Supreme Court during this time pursuant to Illinois Supreme Court Rule 367. Petitioner did not ask for a rehearing, but nonetheless argues that his petition for collateral relief was nonetheless "pending" under the AEDPA because he could have done so.

Although we believe that respondent's argument is an interesting one, we do not believe that it ultimately carries the day under applicable precedent. In Fernandez v. Sternes, the Seventh Circuit addressed a similar question. 227 F.3d 977 (7th Cir. 2000). In that case, petitioner Fernandez missed the deadline to file a petition for leave to appeal his petition for collateral relief to the Illinois Supreme Court. Sometime later, he filed a motion for permission to file a late petition for leave to file a late petition for leave to appeal. The Illinois Supreme Court granted permission to file a petition for leave to appeal. However, it decided to deny the actual petition. The issue before the Seventh Circuit was how much time should be tolled for purposes of the AEDPA statute of limitations.

The court held that it would toll the statute between the time that the petitioner Fernandez filed his motion before the Illinois Supreme Court to allow him to file a late petition for leave to file

3

an appeal and the date that the Supreme Court denied the petition for leave to appeal. Id. at 979. See also Jefferson v. Welbor, 222 F.3d 286 (7th Cir. 2000). The Seventh Circuit wrote that it is "sensible to say that a petition continues to be pending during the time period between one court's decision and a timely request for further review by a higher court (provided that such a request is filed); it is not sensible to say that the petition continues to be "pending" after the time that further review has expired without action to continue the litigation. That a request may be resuscitated does not mean that it was "pending" in the interim." Id. at 979. This language suggests to us that the Seventh Circuit would not hold that the petition was pending during the time which the petitioner could have filed a motion for a rehearing under Illinois Supreme Court Rule 367.

Petitioner correctly notes that the Seventh Circuit explicitly reserved ruling on the issue of whether time provided for filing a petition or appeal to a higher court is treated as time during which an application was "pending" if that time expires without a filing. In this case, petitioner claims the benefit of the time during which his post-conviction petition could have been pending, i.e. the time during which he could have asked for a rehearing of the Illinois Supreme Court's rejection of his petition, even though he did not use that time to request a rehearing. We agree with respondent that petitioner should not be credited with the period of time during which petitioner admittedly had nothing except a final judgment before any court. Petitioner had a right to seek a rehearing (and thus continue the state court review of his petition) during this time, but chose not to. Now he claims that this inaction meant that his petition was still "pending" under the AEDPA. We do not agree.

Petitioner cites Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) as holding to the contrary. In that case, the Third Circuit held that time following the appellate court's decision, and preceding a timely application for discretionary review should toll the statute of applications. As it noted in

4

Fernandez, the Seventh Circuit agrees with this principle. 227 F.3d at 979. However, in a more recent case, the court held that the one-year limitations period is not tolled during the ninety day period that a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court. Guitierrez v. Schomig. 233 F.3d 490, 491 (7th Cir. 2000), cert. denied, 121 S.Ct. 1421 (2001). The court stated that when Congress intended to exclude from the limitations period time during which a pleading could have been filed, it did so explicitly. For example, in § 2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeing direct review." (In petitioner's case, because this occurred before the effective date of AEDPA, courts have held that the starting point for the clock to run is April 24, 1997 because of the one-year grace period. See Fernandez, 227 F.3d at 978. It, therefore would have expired on April 24, 1998, but because petitioner's post-conviction petition was pending, the statute was tolled.). The court wrote: "instead of excluding time a pleading could have been filed, Congress explicitly required a "properly filed pleading to toll the statute of limitations." Gutierrez, 233 F.3d 490, 491 (7th Cir. 2000). Because petitioner Gutierrez had not filed a petition for certiorari, "it cannot reasonably be considered "pending." Id. Applying the same reasoning to our facts, it is unreasonable to hold that our petitioner had a motion for rehearing pending when he had never filed one.

We, do, however, recognize the confusion that may follow from the principle agreed to in Fernandez, supra, that time following appellate review, and preceding a timely application for discretionary review, tolls the statute. Although the Seventh Circuit has not ruled on this issue, lower courts in our district have concluded that a petitioner gets credit for that time even if the further review is not sought. See, e.g., Castro v. Schomig, Case No. 00 C 5015, 2001 WL 864266

5

(N.D. Ill. July 31, 2001). Other Courts of Appeal explicitly adopted this position. In <u>Gibson v. Klinger</u>, 232 F.3d 799, 803 (10th Cir. 2000), the Tenth Circuit held that, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." Under this analysis, it is easy to understand petitioner's position that the time during which he could have sought a rehearing of the Supreme Court's unfavorable decision, but did not, should be tolled as well.

We think, however, that there is difference between giving a petitioner credit for time needed to exhaust his state court remedies prior to filing a federal case (which is a justification for allowing the statute to toll in the time period during which a petitioner could appeal an unfavorable ruling on a post-conviction petition) and continuing to toll it after the state's highest court has ruled. In petitioner's case, the Illinois Supreme Court rendered its view on his petition. Under <u>Sullivan v. O'Boerkel</u>, petitioner is not required to ask for a rehearing of that ruling to fulfill the exhaustion requirements. 526 U.S. 838 (1999).

Respondent argues that the question is one of Illinois state law, which holds that a judgment is final when the court rules and not when the mandate issues. Respondent is correct that federal courts defer to a state precedent on whether a petition is "properly filed" under Section 2244 (d)(2), <u>see</u> <u>Freeman v. Page</u>, 208 F.3d 572 (7th Cir. 2000). However, we are less sure that the issue of whether the petition is "pending" under the statute is similarly a matter of state precedent. Some circuit courts have held otherwise. <u>See</u> <u>Gibson</u>, 232 F.3d at 806, <u>Mills v. Norr</u>, 187 F.3d 881, 883 (8th Cir. 1999). In any event, we need not resolve this issue because we do not find that the time

6

should tolled after the Supreme Court ruled on the merits when petitioner did not file a request for a rehearing.

We are sympathetic to petitioner's argument, however, that the nineteen day period should be tolled under the doctrine of equitable tolling. We believe that the Seventh Circuit recognized that this doctrine is applicable to Section 2244(d)(2) in Taliani v. Chrans, 189 F.3d 597 (7th Cr. 1999). We also find that the circumstances of this case warrant the application of that doctrine. This is simply not a matter of attorney error as was the case in Taliani. We believe that the error the attorney made in this case is understandable. The state of the law regarding tolling was uncertain at the time that he filed this petition on behalf of his client and remains so. The court believes that is has reached the appropriate disposition under the proper analysis, but recognizes that the opposite result might reasonably be reached. In addition, the notice sent to petitioner stated that the mandate of the court would not issue until December 23, 1999, which could also bolster the attorney's view that he had additional time in which to file the federal habeas petition. Under these facts, we are reluctant to deprive petitioner of his day in court by barring his claim. Accordingly, we will allow the petition to proceed.

## CONCLUSION

For the foregoing reasons, we deny respondent's motion to dismiss. We order respondent to answer the petition on or before October 2, 2001.

Wayne R. Andersen
United States District Judge

Dated: September 6, 2001

7